T.C. Memo. 1996-544


UNITED STATES TAX COURT


JILL R. SCOTT, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 3072-96.                    Filed December 17, 1996.


Jill R. Scott, pro se.

<u>Jordan S. Musen</u> and <u>Benjamin A. de Luna</u>, for respondent.


MEMORANDUM OPINION


PANUTHOS, <u>Chief Special Trial Judge</u>:  This matter is before the Court on respondent's motion to dismiss for lack of jurisdiction and petitioner's motion to restrain assessment and collection.  As explained in greater detail below, we shall grant respondent's motion and deny petitioner's motion.

Background

Three separate notices of deficiency were issued as follows:

On February 22, 1995, respondent issued a notice of deficiency to petitioner determining a deficiency in her Federal income tax for 1992 in the amount of $1,561 and an addition to tax under section 6651(a)[1] in the amount of $377.75.  The notice was mailed to petitioner at an address in Gainesville, Florida.

On October 25, 1995, respondent issued a joint notice of deficiency to petitioner and her husband, Charles N. Scott, determining a deficiency in their Federal income tax for 1993 in the amount of $2,719 and an accuracy-related penalty under section 6662(a) in the amount of $544.  The notice was mailed to P.O. Box 22338, Lake Buena Vista, Florida (the Lake Buena Vista address).

On November 13, 1995, respondent issued a notice of deficiency to Charles N. Scott determining a deficiency in his Federal income tax for 1992 in the amount of $10,502 and additions to tax in the amounts of $2,626 and $460 under sections 6651(a) and 6654, respectively.  The notice was mailed to the Lake Buena Vista address.

On February 20, 1996, petitioner and Charles N. Scott filed a joint petition for redetermination with the Court.[2]  The

---

[1]  All section references are to the Internal Revenue Code as amended.  All Rule references are to the Tax Court Rules of Practice and Procedure.

[2]  At the time the petition was filed, petitioner resided at
(continued...)

petition states that the taxable year in dispute is 1992. Attached to the petition is a copy of the notice of deficiency dated November 13, 1995, which was issued to Charles N. Scott.

The petition was delivered to the Court in an envelope bearing a U.S. Postal Service postmark dated February 13, 1996, which date is 92 days after the mailing of the November 13, 1995, notice.

On April 8, 1996, respondent filed a motion to dismiss for lack of jurisdiction asserting that the petition was not filed within the time prescribed in section 6213(a). On May 7, 1996, petitioner and Charles N. Scott filed an objection to respondent's motion asserting that the 90-day period for filing a timely petition with the Court runs from the date of receipt of the notice of deficiency. The objection includes arguments directed at the merits of respondent's determinations respecting the Scotts' tax liability for 1992 and 1993.

By order dated May 20, 1996, respondent's motion to dismiss was granted in that the case was dismissed for lack of jurisdiction as to Charles N. Scott (and his name was struck from the caption) on the ground that the petition was not timely filed with respect to the deficiency notice issued to him on November 13, 1995.

(...continued)
the Lake Buena Vista, Florida, address.

On June 10, 1996, respondent issued a notice of intent to levy to petitioner and Charles N. Scott demanding payment of $3,948.29 in satisfaction of their tax liability for 1993.

Respondent subsequently filed a motion to dismiss for lack of jurisdiction asserting that the notice of deficiency issued to petitioner for 1992 is invalid on the ground that it was not mailed to petitioner's last known address.  Petitioner filed an objection to respondent's motion to dismiss asserting that the taxable years in dispute are 1992 and 1993 and that the notices of deficiency for those years are invalid on the ground that they have "no basis in material fact".  Petitioner also filed a motion to restrain assessment and collection.

Respondent maintains that the Court has no jurisdiction to consider the validity of the notice of deficiency issued to petitioner and Charles N. Scott for 1993 because the 1993 taxable year was not placed in dispute in the petition.

This matter was called for hearing in Washington, D.C., at a motions session of the Court.  Counsel for respondent appeared at the hearing and presented argument on the pending motions. Although petitioner did not appear at the hearing, she did file a written statement with the Court pursuant to Rule 50(c).

Discussion

The Tax Court is a court of limited jurisdiction, and we may exercise our jurisdiction only to the extent authorized by Congress. Naftel v. Commissioner, 85 T.C. 527, 529 (1985). Our jurisdiction to redetermine a deficiency depends upon the issuance of a valid notice of deficiency and a timely filed petition. Rule 13(a), (c); Monge v. Commissioner, 93 T.C. 22, 27 (1989); Normac, Inc. v. Commissioner, 90 T.C. 142, 147 (1988). Section 6212(a) expressly authorizes the Commissioner, after determining a deficiency, to send a notice of deficiency to the taxpayer by certified or registered mail. It is sufficient for jurisdictional purposes if the Commissioner mails the notice of deficiency to the taxpayer's "last known address." Sec. 6212(b); Frieling v. Commissioner, 81 T.C. 42, 52 (1983). If a deficiency notice is mailed to the taxpayer's last known address, actual receipt of the notice is immaterial. King v. Commissioner, 857 F.2d 676, 679 (9th Cir. 1988), affg. 88 T.C. 1042 (1987); Yusko v. Commissioner, 89 T.C. 806, 810 (1987); Frieling v. Commissioner, supra at 52. The taxpayer, in turn, has 90 days (or 150 days if the notice is addressed to a person outside of the United States) from the date the notice of deficiency is mailed to file a petition in this Court for a redetermination of the deficiency. Sec. 6213(a).

Respondent issued a notice of deficiency to petitioner for 1992 on February 22, 1995. The petition was filed nearly 1 year

later on February 20, 1996. Although it is evident that the petition was not filed within the 90-day period prescribed in section 6213(a), respondent concedes that the notice is invalid because it was not issued to petitioner's last known address. We accept respondent's concession, and we shall grant respondent's motion to dismiss for lack of jurisdiction as to 1992 on this ground.[3]

Respondent further contends that we lack jurisdiction in this proceeding to consider the validity of the joint notice of deficiency issued to petitioner and Charles N. Scott for the 1993 taxable year. In particular, respondent asserts that the Court lacks jurisdiction over the 1993 taxable year because that year was not placed in dispute in the petition. Petitioner contends that the notice of deficiency for 1993 is invalid on the ground that the notice of deficiency has "no basis in material fact".

Before expressing any opinion with respect to petitioner's argument concerning the validity of the notice of deficiency for 1993, we must consider respondent's argument that the 1993 taxable year was not placed in dispute in this proceeding. The note to Rule 41(a) states that the Court's jurisdiction over parties and years in issue "is fixed by the petition as originally filed or as amended within the statutory period for

---

[3] Because we shall grant respondent's motion to dismiss for lack of jurisdiction on the ground that the notice for 1992 was not issued to petitioner's last known address, we do not consider petitioner's contention that the notice for 1992 is invalid on the ground that it lacks a basis in material fact.

filing the petition".  60 T.C. 1089.  We agree with respondent that the petition filed in this case contains no mention of the 1993 taxable year--the only year placed in dispute in the petition is the 1992 taxable year.  Moreover, even if we were to view petitioner's objection to respondent's motion to dismiss as an attempt to amend the petition to place the 1993 year in dispute, the objection was not filed within the statutory period for filing the petition.  In fact, the petition itself was not timely filed with respect to either the notice of deficiency for 1992 or the notice of deficiency for 1993.  There appears to be no dispute that the joint notice of deficiency issued for the 1993 taxable year was sent to petitioner's last known address (the same address reflected by petitioner in the petition).

In any event, petitioner's contention that the notice of deficiency for 1993 is invalid plainly lacks merit.  We understand petitioner to contend that the notice is invalid on the ground that respondent did not determine a deficiency within the meaning of section 6212(a).  See Scar v. Commissioner, 814 F.2d 1363 (9th Cir. 1987), revg. 81 T.C. 855 (1983).

Normally, the Court will not look behind the notice of deficiency to examine the basis for the Commissioner's motives or administrative policies or procedures in making the determinations reflected in the notice.  See Riland v. Commissioner, 79 T.C. 185, 201 (1982); Greenberg's Express, Inc. v. Commissioner, 62 T.C. 324, 327 (1974).  However, in Scar v.

Commissioner, supra at 1368, the Court of Appeals held that the Commissioner must consider information that relates to a particular taxpayer in order to determine a deficiency in respect to that taxpayer. Subsequently, in Clapp v. Commissioner, 875 F.2d 1369, 1402 (9th Cir. 1989), the Court of Appeals commented on its decision in Scar as follows:

> Furthermore, as the Tax Court has since pointed out, Scar did not even require any affirmative showing by the Commissioner that a determination set forth in an alleged notice of deficiency was made on the basis of the taxpayers' return. Only where the notice of deficiency reveals on its face that the Commissioner failed to make a determination is the Commissioner required to prove that he did in fact make a determination. Campbell v. Commissioner, 90 T.C. 110 (1988). * * *

Based upon our review of the notice of deficiency for 1993, we are satisfied that respondent determined a deficiency in petitioner's tax liability within the meaning of section 6212. In particular, the notice is addressed to petitioner and Charles Scott, lists Charles Scott's Social Security number, and contains an explanation that respondent disallowed specific amounts of unsubstantiated deductions reported on the Scotts' 1993 tax return. Considering all of the circumstances, we would conclude that the notice of deficiency for 1993 is valid. See Stinnett v. Commissioner, T.C. Memo. 1993-429.

As a final matter, we turn to petitioner's motion to restrain assessment and collection. Section 6213(a) provides that the Tax Court may enjoin the Commissioner's collection efforts if the Commissioner is attempting to collect amounts that

have been placed in dispute in a timely filed petition for redetermination.  Powerstein v. Commissioner, 99 T.C. 466, 471-472 (1992); Powell v. Commissioner, 96 T.C. 707, 711 (1991).  The record reflects that the amount that respondent is attempting to collect relates to petitioner's tax liability for 1993.  Having resolved that we lack jurisdiction over the taxable year 1993 in this proceeding, it follows that we have no authority to enjoin respondent's collection efforts.  Accordingly, we shall deny petitioner's motion to restrain assessment and collection.[4]

To reflect the foregoing,

An order will be entered granting respondent's motion to dismiss for lack of jurisdiction and denying petitioner's motion to restrain assessment and collection.

---

[4] Although petitioner cannot pursue her case respecting her tax liability for 1993 in this Court, she is not without a remedy.  In short, petitioner may pay the tax, file a claim for a refund with the Internal Revenue Service, and if the claim is denied, sue for a refund in the Federal District Court or the U.S. Court of Federal Claims.  See McCormick v. Commissioner, 55 T.C. 138, 142 (1970).